HORACE B. FRY AND REGINALD FRY, PLAINTIFFS IN
ERROR, v. BENJAMIN F. MILES ET AL., DEFENDANTS
IN ERROR.

Argued June 21, 1904—Decided November 14, 1904.

1. A person who seeks to recover the compensation, provided by a
contract, for services rendered by him in accordance with its
terms, must show either performance of the contract on his part
or else that his performance was prevented by the willful or
fraudulent act of the other party to the contract, in violation
of such party's undertaking.
2. Where a person renders services under an express contract, by
the terms of which his right to compensation is made dependent
upon complete performance on his part, the contract itself fur-
nishes the *sole* ground of recovery.

On error to the Supreme Court.

For the plaintiffs in error, *George T. Werts* and *John B.
Vreeland.*

For the defendants in error, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in error, who
were the plaintiffs below, conceived the idea of forming a com-
bination of several of the companies engaged in the manu-
facture and sale of linseed oil in opposition to what was
known as the National Linseed Oil Company. After con-
ferring with two of the defendants, who were connected with
one of these companies, the plaintiffs sent a circular to twelve
of the other companies, asking each of them to send a
representative to a meeting to be held for the purpose . of
considering the proposed combination. Ten of the com-
panies to whom the circular was sent complied with the re-
quest, and the meeting was held on the 28th of February,
1898, lasting for two days. The outcome of the meeting

was that each representative agreed that his company would
agree to a merger and consolidation of its property and inter-
ests with the property and interests of the others represented
at the meeting, provided that the capital of the consolidated
corporation should fairly represent the combined value of
the properties and the expenses incurred in bringing about
the consolidation; and that the plant of each concern should
be put into the combination at a valuation satisfactory to
each of the others; and provided further, that the plaintiffs'
should secure the underwriting of the moneys necessary to
be raised for the purpose of completing the consolidation
and putting it in operation. It was agreed that the plaint-
iffs should receive for their services in bringing about the
consolidation and securing the underwriting of the scheme a
commission of two and one-half per cent. of the capital
stock of the consolidated company. After the meeting at-
tempts were made by the various concerns engaged in the
scheme for their consolidation to agree upon the values at
which their various plants should be put in, but these attempts
were unsuccessful. The plaintiffs, on their side, attempted
to raise the moneys necessary to float the proposed consoli-
dated company, but they also were unsuccessful. Finally,
on the 24th of June, the various companies engaged in the
scheme received a report from their committee having the
matter in charge that the attempt to agree upon values had
so far been unsuccessful, and that the plaintiffs had not as
yet been able to secure the financing of the scheme. The
committee was thereupon discharged and the proposed com-
bination fell through. Some months later negotiations were
entered into between the National Linseed Oil Company
and eight of the concerns who had been engaged in the
scheme of consolidation, engineered by the plaintiffs, for the
formation of a corporation which should absorb the plants
controlled by the national and those of the eight concerns.
These negotiations resulted in the formation of the American
Linseed Oil Company with a capital stock of $33,000,000.
The plaintiffs had nothing to do with the formation of this

corporation or the bringing together of the various interests concerned in and absorbed by it. They claimed, however, that the formation of the consolidated corporation entitled them to receive commissions upon its capital stock at the rate fixed by the agreement of February 28th, viz., two and one-half per cent., and, upon their claim being repudiated, brought this suit. The defendants are nine of the individuals who attended the meeting of February 28th as the representatives of the various concerns who had received the circular of the plaintiffs, requesting that such representatives be sent to that meeting.

The suit is based primarily upon the contract, the amount sought to be recovered being the contract price agreed to be paid to the plaintiffs in case their scheme of consolidation was successfully consummated. Failing this, they seek to recover the reasonable value of the services rendered by them in attempting to bring about the consolidation. At the close of the plaintiffs' case, the above recited facts appearing, the trial justice directed a nonsuit; and this writ of error brings up for review the judgment entered pursuant to that direction.

There was no error in the direction complained of. In the first place the defendants attended the meeting at which the contract sued upon was made, not in their own behalf but as the agents of the various corporations and copartnerships which they represented; and this fact was fully known to the plaintiffs. The contract which they entered into was the contract of their principals, and for any breach thereof by their principals they were not liable. Citation of authority in support of so elementary a principle is unnecessary.

In the second place, to entitle the plaintiffs to recover upon the contract they were bound to show performance on their part, or else that their performance was prevented by the willful or fraudulent act of the defendants in violation of their own undertaking. *Hinds* v. *Henry,* 7 *Vroom* 328. That they did not carry out their part of the agreement they admit; that they were prevented from doing so by any act on the part of the defendants, which was in violation of the

defendants' undertaking, is not suggested by the evidence. Their claim on the contract therefore failed. Nor were they entitled to recover on a *quantum meruit*. Their services were rendered under a special agreement, by the terms of which their compensation was contingent upon performance on their part. The contract furnished the sole ground of recovery. *Hinds* v. *Henry, supra; Runyon* v. *Wilkinson, Gaddis & Co.,* 28 *Vroom* 420.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRETSON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.